## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**FLORENCIA CIPRIANO-PIOQUINTO, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED,**

**CASE NO.:**

        **Plaintiffs,**

**vs.**

**TFS FACILITY SERVICES GEORGIA, LLC, A GEORGIA LIMITED LIABILITY COMPANY,**

        **Defendant.**

_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, FLORENCIA CIPRIANO-PIOQUINTO ("Plaintiff"), on behalf of herself and those similarly situated, sues the Defendant, TFS FACILITY SERVICES GEORGIA, LLC, a Georgia Limited Liability Company ("Defendant"), and alleges:

1.    Plaintiff and Opt-in Plaintiffs, who elect to file a consent to join (hereinafter "Plaintiffs"), were employees of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1

2.     Plaintiffs were non-exempt hourly-paid employees working as housekeepers for Defendants in Atlanta, Georgia.

3.     Plaintiff worked for Defendant from approximately 2007 to August 2014.

4.     Defendant, TFS FACILITY SERVICES GEORGIA, LLC, is a Georgia Limited Liability Company that operates and conducts business in, among other location, Atlanta, Georgia and is therefore, within the jurisdiction of this Court.

5.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs.

6.     This action is intended to include each and every hourly-paid employee who worked for Defendant in a similar position at any time within the past three (3) years within the State of Georgia, who elects to file a consent to join.

7.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8.     At all times relevant hereto, Defendant earned more than $500,000.00 per year in gross sales.

9.     During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10.    Included in such goods, materials and supplies were cleaning supplies, uniforms and other items which had been transported into Georgia from outside the state.

11.    At all times material hereto, Defendant was and is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

### FLSA Violations

12.    At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff and those similarly situated employees complete overtime compensation for overtime hours worked.

13.    During their employment with Defendant, Plaintiff and those similarly situated employees were paid by the hour and were only paid their regularly hourly rate ("straight time") for overtime hours worked.

14.    Attached as **EXHIBIT A** is an example of one of Plaintiff's paychecks, which shows that Plaintiff worked 85.50 total hours in a two-week pay period, but that Defendant paid her only her regular rate of pay for her overtime hours worked.

15.    Defendant should have paid Plaintiff and other similarly situated

employees time and one-half of their hourly rates for all overtime hours worked, but failed to do so.

16.     The additional persons who may become plaintiffs in this action are/were non-exempt hourly-paid employees who held positions similar to Plaintiff and who worked overtime hours but who did not receive overtime pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

17.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

18.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19.     Plaintiff and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

20.     During their employment with Defendant, Plaintiff and those similarly situated employees worked overtime hours but were not paid time and one-half compensation for same. *See* **Exhibit A**.

21.     Defendant only paid Plaintiff and those similarly situated employees straight time pay for overtime hours worked in violation of the FLSA.

22.     Defendant did not have a good faith basis for its decision to not pay complete overtime compensation to Plaintiff and those similarly situated employees.

23.     Defendant's repeated aforementioned violations of the FLSA were willful in nature, as evidenced by the fact that Defendant has persisted in violating the FLSA notwithstanding at least three (3) prior cases against Defendant based on allegations identical to those made herein. *See Cortez v. TFS Facility Services Georgia, LLC,* 1:14-cv-00792-RWS (N.D.Ga.) (Judgement entered against Defendant on August 14, 2014); *Fajardo v. TFS Facility Services Georgia, LLC,* 1:13-cv-03794-AT; *Pacheco v. TFS Facility Services Georgia, LLC,* 1:13-cv-03473-TCB (Judgment entered against Defendant on February 28, 2014).

24.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees complete overtime compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

25.     As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

26.     Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, individually and on behalf of all others similarly situated, respectfully prays;

a. That at the earliest possible time, she be allowed to give notice, or that the Court issue such Notice, to all Defendant's similarly situated employees during the three years immediately preceding the filing of this suit informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b).

b. That the Plaintiff be awarded damages in the amount of unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c. That Plaintiff be awarded his reasonable attorneys' fees, including the costs and expenses of this action, under the FLSA;

d. That a declaratory judgment be issued herein declaring that the practices complained of herein are unlawful under the FLSA; and

e. Awarding Plaintiff pre-judgment and post-judgment interest.

Dated: June 8, 2015

Respectfully submitted,

**/s/ Andrew R. Frisch**
Andrew R. Frisch, Esq.
Georgia Bar No. 366105
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: (954) 328-0268
Facsimile: (954) 327-3013
Email: AFrisch@forthepeople.com

***Attorney for Plaintiff***